UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JEANE DAWSON,<br><br>Plaintiff,<br><br>v.<br><br>NAPA COUNTY, et al.,<br><br>Defendants. | Case No. 25-cv-01923-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 19 |

The Court is in receipt of Ms. Dawson's motion for disqualification, which "arises from [the Court's] sua sponte reassignment of the instant case and immediate denial of Plaintiff's Emergency Temporary Restraining Order and Motion for injunctive relief, issued without adequate time to review the record, factual basis, or exhibits." (Dkt. No. 19 at 1-2.)  Having carefully reviewed the relevant documents, the Court finds oral argument is not required pursuant to Local Rule 7-1(b).  For the reasons explained below, Ms. Dawson's motion is DENIED.

Motions to disqualify or recuse a judge fall under two statutory provisions: 28 U.S.C. § 144 and 28 U.S.C. § 455.  Section 455 provides "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1). Section 144 provides for recusal when a party files a timely and sufficient affidavit averring the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief.  *See* 28 U.S.C. § 144.  If a judge finds a section 144 motion timely and the affidavits legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter.  *See id*.  When the affidavit is not legally sufficient, however, the judge to whom the motion is directed may determine the matter.  *See United States v. Sibla*, 624 F.2d 864, 868 (9th

1   Cir. 1980) (holding judge challenged under § 144 properly heard and denied motion where
2   affidavit not legally sufficient).

3       Sections 144 and 455 carry identical substantive tests for determining personal bias or
4   prejudice.  *See Sibla*, 624 F.2d. at 867.  Under both statutes, recusal is appropriate when "a
5   reasonable person with knowledge of all the facts would conclude that the judge's impartiality
6   might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)
7   (citation omitted).  Motions for recusal are "limited by the 'extrajudicial source' factor which
8   generally requires as the basis for recusal something other than rulings, opinions formed or
9   statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909,
10  913–14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient
11  unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").
12  "By themselves, adverse judicial rulings or critical remarks typically do not establish bias or
13  prejudice" absent exceptional circumstances. *Perez v. Essentia Ins. Co.*, No. 23- CV-06077-VC,
14  2024 WL 242996, at *1 (N.D. Cal. Jan. 17, 2024) (citing *Pesnell v. Arsenault*, 543 F.3d 1038,
15  1043–44 (9th Cir. 2008); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

16      Ms. Dawson moves for disqualification under both Section 144 and Section 455(a).  First,
17  Ms. Dawson asserts bias because "Plaintiff's federal complaint was initially assigned to a
18  Magistrate Judge" and "[b]efore the Magistrate could act, Judge Jacqueline Scott Corley was
19  automatically reassigned to the case." (Dkt. No. 19 at 2-3.)  As the docket indicates, the case was
20  randomly assigned to this Court "because either (1) a party ha[d] not consented to the jurisdiction
21  of a Magistrate Judge, or (2) time [was] of the essence in deciding a pending judicial action for
22  which the necessary consents to Magistrate Judge jurisdiction ha[d] not been secured." (Dkt. No.
23  16.)  *See also* N.D. Cal. Civ. L.R. 73-1 ("Parties must either file written consent to the jurisdiction
24  of the Magistrate Judge, or request reassignment to a District Judge, by the deadline set by the
25  Clerk or the Magistrate Judge.").  So, the reassignment is not evidence of bias.

26      Second, Ms. Dawson asserts bias on the ground the Court "summarily denied Plaintiff's
27  TRO and Emergency Injunction." (*Id.* at 3; Dkt. No. 19-1 at 2 ("On the same day that District
28  Judge Jacqueline Scott Corley was reassigned to my case . . ., she denied my Emergency

2

1    Temporary Retraining Order" and "[t]here is no indication that Judge Corley reviewed the TRO,
2    its factual basis, or exhibits before issuing the denial.").)  As an initial matter, "[a]n adverse
3    judicial ruling is not an adequate basis for recusal" and is not evidence of bias.  *Stebbins v.*
4    *Polano*, No. 21-CV-04184-JSW, 2021 WL 8532245, at *1 (N.D. Cal. Oct. 22, 2021); *see also*
5    *Mikhak v. Univ. of Phoenix*, No. 21-CV-06919-CRB, 2022 WL 1150840, at *2 (N.D. Cal. Mar. 1,
6    2022) ("Rulings that a party disagrees with do not demonstrate bias.").  Moreover, the order—
7    issued two days after Ms. Dawson filed her motion for a temporary restraining order—explained
8    the basis for the denial.  (Dkt. No. 18.)  Ms. Dawson sought "to immediately stay all state criminal
9    proceedings, restraining orders, and juvenile dependency actions," but under binding United States
10   Supreme Court and Ninth Circuit precedent, federal courts cannot enjoin pending state criminal
11   and child custody proceedings.  (*Id.* at 1-2 (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins.*
12   *Fund*, 754 F.3d 754, 758 (9th Cir. 2014), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), and
13   *Moore v. Sims*, 442 U.S. 415, 423 (1979)).)  So, the timing and nature of the Court's May 4, 2025
14   order are not evidence of bias.

15        Third, Ms. Dawson asserts the Court "has a documented pattern of denying pro se civil
16   rights plaintiffs equitable relief and has a history of controversial decisions involving institutional
17   actors (e.g., FTC v. Microsoft)."  (Dkt. No. 19 at 3.)  As Ms. Dawson herself acknowledges, these
18   prior rulings are "not dispositive" on the issue of bias.  (Dkt. No. 19 at 3.)  And aside from a case
19   involving a merger in the video gaming industry, *Fed. Trade Comm'n v. Microsoft Corp.*, 681 F.
20   Supp. 3d 1069, 1077 (N.D. Cal. 2023), *aff'd,* No. 23-15992, 2025 WL 1319069 (9th Cir. May 7,
21   2025), Ms. Dawson does not identify other cases or articulate how the Court's prior rulings are
22   evidence of bias as it pertains to this case.  So, she has not "specifically allege[d] facts that fairly
23   support the contention that the [Court] exhibits bias or prejudice directed toward a party that stems
24   from an extrajudicial source."  *See Sibla*, 624 F.2d at 868.  Nor has she demonstrated "a
25   reasonable person with knowledge of all the facts would conclude that the [Court's] impartiality
26   might reasonably be questioned."  *See Yagman*, 987 F.2d at 626 (9th Cir. 1993).

## CONCLUSION

28   For the reasons stated above, the Court DENIES Ms. Dawson's motion for

1  disqualification.

2      This Order disposes of Docket No. 19.

3  **IT IS SO ORDERED.**

4  Dated: May 27, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge