1

2

3

4                                   UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    AMANDA JEANE DAWSON,                         Case No. 25-cv-01923-JSC

8                          Plaintiff,

                                                  **ORDER DENYING MOTION TO**
9              v.                                 **APPOINT COUNSEL PURSUANT TO**
                                                  **28 U.S.C. § 1915(E)(1)**
10   NAPA COUNTY, et al.,
                                                  Re: Dkt. No. 24
11                        Defendants.

12

13          Amanda Dawson sues Napa County, Napa Superior Court, Napa Police Department, Napa

14   County Child Welfare Services ("CWS"), and Napa County Public Defender's Office

15   ("Defendants") under 42 U.S.C. § 1983 "for violations of her constitutional rights." (Dkt. No. 1.[1])

16   Now pending before the Court is a motion for appointment of counsel pursuant to 28 U.S.C. §

17   1915(e)(1). (Dkt. No. 24.) Defendants oppose appointment of counsel. (Dkt. No. 34.) After

18   carefully considering the parties' submissions, the Court DENIES Plaintiff's motion because she

19   is not entitled to an attorney under 28 U.S.C § 1915(e)(1), the Federal Pro Bono Project, or the

20   Americans with Disabilities Act (ADA).

21                                           **BACKGROUND**

22      **A.  Complaint Allegations**

23          Plaintiff is a resident of Napa, California. (Dkt. No. 1 ¶ 6.) "Napa County Child Welfare

24   Services (C.W.S.) unlawfully removed plaintiff's child and denied her a fair hearing without due

25   process." (*Id.* ¶ 10.) The Napa Police Department "help[ed] steel [sic] [Plaintiff's] child knowing

26   [Child Protective Services] did not have a warrant." (*Id.* ¶ 11.) In doing so, the Napa Police

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

Department used excessive force.  (Dkt. No. 1 ¶ 11.)  In addition, on November 2, 2023, "Napa Police Department officers refused to investigate Plaintiff['s] claim concerning her son for the month he was in foster [care] about neglect."  (*Id.* ¶ 13.)

Plaintiff was assigned a court appointed attorney" who "failed to provide competent legal representation."  (*Id.* ¶ 12.)  Specifically, the attorney failed "to present exculpatory evidence," "refus[ed] to file necessary motions," and "ignore[ed] Plaintiff's request for a better defense." (*Id.*)  "[T]he Court repeatedly denied Plaintiff's requests for new counsel, violating her Sixth and Fourteenth Amendment rights."  (*Id.* ¶ 15.)

**B. Procedural Background**

Plaintiff filed her complaint on February 24, 2025.  She brings three causes of action.  The first cause of action against the Napa County Public Defender's office and individual attorneys alleges ineffective assistance of counsel in violation of Plaintiff's Sixth Amendment Rights.  (*Id.* ¶¶ 15-17.)  In the second cause of action, Plaintiff alleges Napa County and CWS violated Plaintiff's Fourteenth Amendment Due Process and Equal Protection rights by unlawfully removing her child and denying her a fair hearing.  (*Id.* ¶¶ 17-18.)  Finally, in the third cause of action, Plaintiff alleges the Napa Police Department violated her Fourth Amendment rights by using excessive force.  (*Id.* ¶ 18.)  While Plaintiff also alleges Defendants violated her Fifth Amendment right, (*Id.* ¶ 2), there is no corresponding cause of action.  The complaint also includes 221 pages of exhibits titled "Additional filings for the 42 USC § 1983 & the 28 USC 1455 to Request a stay at the lower state proceedings & Reason unable to serve defendants."  (*Id.* at 1-1.)

In May 2025, Plaintiff moved for "a Temporary Restraining Order (TRO) and Preliminary Injunction to immediately stay all state criminal proceedings, restraining orders, and juvenile dependency actions related to Plaintiff while this federal civil rights case is pending."  (Dkt. No. 15 at 1.)  The Court denied Plaintiff's motion because "'[f]ederal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings."  (Dkt. No. 18 at 1 (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund,* 754 F.3d 754, 758 (9th Cir. 2014).)

United States District Court
Northern District of California

2

Before Plaintiff initiated this lawsuit, she brought a related action in this District. In that action she requested on February 6, 2025, that the court "remove the criminal prosecution against [her] from the state court system to federal court under 28 U.S.C. § 1455[] and remove the Juvenile dependency case against [her] and [her] family." (25-cv-01288, Dkt. No. 1 at 1.) The court dismissed and remanded the case to state court for lack of subject matter jurisdiction. (25-cv-01288, Dkt. No. 10 at 1.)

## DISCUSSION

### A. 28 U.S.C. § 1915(e)(1)

"[T]here is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). Plaintiff "moves this Court for an Order Appointing Counsel pursuant to 28 U.S.C § 1915(e)(1)." (Dkt. No. 24 at 1.) That statute provides "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[2] Under Subsection 1915(e)(1), "the decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances are present, "a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (internal citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [S]ection 1915(d)[3]." *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

---

[2] Under 28 U.S.C. § 1915, a person may proceed in forma pauperis (IFP) provided they submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). While Plaintiff originally applied to proceed in forma pauperis, (Dkt. No. 6), she later withdrew her request because she paid the initial filing fee. (Dkt. No. 8.) While 28 U.S.C. § 1915 governs in forma pauperis proceedings, Section 1915(e) does not state it applies only for plaintiffs proceeding IFP. So, the Court applies the Section 1915 standard to Plaintiff's motion.
[3] 28 U.S.C. § 1915 was amended in 1996 and what was previously 28 U.S.C. § 1915(d) became 28 U.S.C. § 1915(e)(1). *See* Pub.L. 104-134, Title I, § 101[(a)] [Title VIII, § 804(a), (c) to (e)], Apr. 26, 1996, 110 Stat. 1321-73 to 1321-75.

### a. Likelihood of Success on the Merits

Plaintiff has not demonstrated a likelihood of success on the merits. As an initial matter, at least some of the defendants can likely raise a successful sovereign immunity defense. *See Munoz v. Superior Ct. of Los Angeles Cnty.,* 91 F.4th 977, 980 (9th Cir. 2024) (prohibiting suits against California superior courts because they are immune under the Eleventh Amendment). Moreover, as the Court determined in denying Plaintiff's motion for a temporary restraining order, binding case law precludes the relief Plaintiff seeks. (Dkt. No. 18.)

Furthermore, Plaintiff's allegations claiming violations of her constitutional rights are conclusory. (Dkt. No. 1.) For example, Plaintiff first alleges "Defendants faild [sic] to provide effective legal representation, violating [her] Sixth Amendment [r]ights," (*Id.* ¶ 17), but does not allege the type of proceeding, what specifically her counsel did or did not do, what motions should have been filed, what exculpatory evidence was not presented, and what a "better defense" would have entailed. (*Id.* ¶ 12.) Plaintiff also alleges "Defendants unlawfully removed Plaintiffs [sic] child and denied her a fair hearing," but fails to describe when the removal occurred, what process Plaintiff contends was due, whether any hearings occurred, and if they did, why those hearings were not fair. (*Id*. ¶ 18.) Finally, Plaintiff alleges, "Napa Police used excessive force violating Plaintiffs [sic] Fourth Amendment rights" but does not explain what the officers did and in what circumstances. (*Id.*) While the 221-page exhibit Plaintiff attached to the complaint provides some additional information, it is too voluminous and not tied to her allegations, violating Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8 (requiring "short and plain statement[s] of the claim[s] showing that the pleader is entitled to relief"). Without more factual allegations, the Court cannot determine that Plaintiff is likely to succeed on the merits of her Fourth, Sixth, and Fourteenth Amendment claims.

Plaintiff's motion for appointment of counsel contends the complaint includes the following "meritorious claims": "improper denial of ADA accommodations in court proceedings," "sealed body-worn camera footage revealing exculpatory evidence," "false statements by law enforcement and social workers in juvenile and criminal proceedings," "denial of visitation and custody rights without due process," and "coordinated judicial bias and retaliation following

1    Plaintiff's filing of a federal civil rights complaint." (Dkt. No. 24 at 4.)  These claims are not pled

2    in the complaint.  Regardless, like the allegations in the complaint, the claims in the motion to

3    appoint counsel are conclusory and unsupported.  (*Id.*)

### b.  Ability to Articulate Claims in Light of Their Complexity.

5        In addition to evaluating Plaintiff's likelihood of success, the Court must evaluate

6    Plaintiff's ability to articulate her claims in light of their complexity.  *Wilborn,* 789 F.2d at 1331.

7    To do so, courts evaluate the plaintiff's abilities and the complexity of the issues raised.  For

8    example, in *Terrell v. Brewer*, the plaintiff requested appointment of counsel for his claim alleging

9    the defendants "violated his eighth amendment guarantee against cruel and unusual punishment."

10   *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991)*.*  The Ninth Circuit affirmed denial of the

11   motion, observing (1) the plaintiff "demonstrated sufficient writing ability and legal knowledge to

12   articulate his claim," and (2) "[t]he facts he alleged and the issues he raised were not of substantial

13   complexity." *Id.*

14       Here, Plaintiff has also shown sufficient writing ability and legal knowledge, even

15   conceding she has "diligence and legal knowledge" and has submitted "50 motions across state

16   and federal venues." (Dkt. No. 24 at 3.)  Plaintiff contends she has a traumatic brain injury,

17   postpartum-related neurological challenges, and financial hardship, and thus will not be able to

18   "meet filing deadlines, subpoena witnesses, manage discovery disputes, or properly present claims

19   without legal assistance." (*Id.*)  However, she does not provide evidence to show these alleged

20   challenges affect her writing ability and legal knowledge; again, she claims to have filed over 50

21   motions in a variety of courts. (*Id.*)  As to the complexity of the issues raised, like the plaintiff in

22   *Terrell*, Plaintiff alleges constitutional rights violations.  *See Terrell,* 935 F.2d at 1017.  And as in

23   *Terrell*, "the facts . . . alleged and the issues . . . raised [are] not of substantial complexity" to

24   warrant appointment of counsel.  *Id.*; *see also Agyeman,* 390 F.3d at 1103 (appointing counsel

25   where the case involved "triple complexity"; including that the incarcerated plaintiff was being

26   held on noncriminal charges presenting an issue of "whether the standard Bureau of Prison rules

27   governing the transfer of prison inmates were applicable to him").  As a result, Section 1915(e)

28   does not provide a basis to appoint counsel because this case does not involve exceptional

circumstances.

**B. Appointment of Pro Bono Counsel**

Plaintiff's motion also requests the Court "assign an attorney from the Court's pro bono panel." (*Id.* at 5.)  Northern District of California General Order 25 describes eligibility for appointment of pro bono counsel in a civil case.  *Appointment and Reimbursement of Pro Bono Counsel*, N.D. Cal. Gen. Ord. 25, 1, (last visited Jun. 18, 2025), https://cand.uscourts.gov/wp-content/uploads/GO25_Revision_2025.pdf.  To be eligible to be appointed pro bono counsel, the following requirements must be met:

1. The litigant must be unrepresented by counsel;

2. The unrepresented litigant must not have the financial resources to retain counsel;

3. The unrepresented litigant must have used reasonable efforts to retain private counsel such as through a California State Bar-approved lawyer referral service, or have demonstrated that such efforts would be futile; and

4. The referring judge must determine that the case merits pro bono representation because the litigant's claims are cognizable and the factual and legal issues warrant proper presentation to the Court with the assistance of an attorney, but not necessarily that the litigant is likely to prevail on the merits.

*Id.*  Even though Plaintiff withdrew her motion to proceed in forma pauperis, (Dkt. No. 8.), she likely meets the first two requirements of the General Order.  (Dkt. Nos. 1, 6.)  However, Plaintiff does not satisfy requirement four.  As discussed above, her claims do not appear to be cognizable due to sovereign immunity and *Younger* abstention issues.  Additionally, given the claims' conclusory nature, the Court is unable to determine they warrant attorney assistance at this time.  As a result, pro bono appointment pursuant to General Order 25 is not appropriate.

**C. Request for Reasonable Accommodations**

Finally, Plaintiff's motion requests "[a]ppointment of legal counsel as a fundamental accommodation" under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  (Dkt. No. 24 at 10.)  However, the ADA does not provide a basis to appoint counsel in this case.  "[W]hile the Americans with Disabilities Act (ADA) requires state courts to make disability

United States District Court
Northern District of California

1  accommodations, the ADA does not apply to federal courts." *Roman v. Jefferson at Hollywood*

2  *LP*, 495 F. App'x 804, 806 (9th Cir. 2012); *see also* 42 U.S.C. § 12131(1)(A) (defining "public

3  entity" as "any State or local government" and an "instrumentality of a State or States or local

4  government").  As a result, appointment of counsel pursuant to 42 U.S.C. § 12132 is not

5  appropriate.

6        Regarding Plaintiff's corresponding requests for flexibility in scheduling and filing

7  deadlines and simplified, plain-language communications, the Court will try to set case deadlines

8  to accommodate the parties' needs.  The Court also directs Plaintiff's attention to the Handbook

9  for Pro Se Litigants, which is available along with further information for the parties on the

10  Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/.  Plaintiff may also

11  contact the Legal Help Center for free assistance; she can make an appointment by calling 415-

12  782-8982 or emailing fedpro@sfbar.org.

13                          **CONCLUSION**

14        For the reasons discussed above, the Court denies Plaintiff's motion requesting

15  appointment of counsel.  The Court also grants Plaintiff an additional two weeks to file

16  oppositions to the motions to dismiss.  **The new deadline for Plaintiff to file oppositions is July**

17  **14, 2025.**  If Plaintiff files an opposition, Defendants may file replies by July 21, 2025.  The July

18  24 hearing is VACATED.  The Court will advise the parties if a new hearing is required.

19

20        **IT IS SO ORDERED.**

21  Dated: June 30, 2025

22

23  *Jacqueline Scott Corley*

24  JACQUELINE SCOTT CORLEY
    United States District Judge

25

26

27

28

7