1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    AMANDA JEANE DAWSON,                    Case No.  25-cv-01923-JSC

8                  Plaintiff,

9         v.                                 **ORDER GRANTING MOTIONS TO
                                             DISMISS**
10   NAPA COUNTY, et al.,                    Re: Dkt. Nos. 20, 22, 29

11                 Defendants.

12

13        Amanda Dawson brings this "civil rights action under 42 U.S.C. § 1983 for violations of

14   her Constitutional rights, including ineffective assistance of counsel, due process violations,

15   wrongful removal of her child, and unlawful actions [b]y Napa County officials and law

16   enforcement."  (Dkt. No. 1 ¶ 1.)[1]  Now pending before the Court are three motions to dismiss filed

17   by (1) Napa County Superior Court (Dkt. No. 20); (2) City of Napa (Dkt. No. 22); and (3) Napa

18   County, Napa County Child Welfare Services ("C.W.S."), and Napa County Public Defender's

19   Office (Allison Wilensky) (collectively "County Defendants") (Dkt. No. 29).  City of Napa also

20   moves to strike portions of Plaintiff's complaint.  (Dkt. No. 22.)

21        After carefully considering the Complaint and written submissions, Court GRANTS all

22   three motions to dismiss.  Specifically, the Court GRANTS (1) Napa County Superior Court's

23   motion without leave to amend because the superior court, as an arm of the state, is immune from

24   prosecution; (2) City of Napa's motion to dismiss with leave to amend because the allegations of

25   excessive force are conclusory and insufficient for *Monell* purposes; (3) County Defendants'

26   motion to dismiss with leave to amend because Plaintiff does not plausibly allege ineffective

27   ───────────────

28   [1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the document.

1    assistance of counsel or due process violations.  The Court also DENIES City of Napa's motion to

2    strike without prejudice.

3                                    **COMPLAINT ALLEGATIONS**

4       **A.  Complaint Allegations**

5            Plaintiff "is a resident of Napa, California."  (Dkt. No. 1 ¶ 6.)  "Napa County Child

6    Welfare Services (C.W.S.) unlawfully removed plaintiff's child and denied her a fair hearing

7    without due process."  (*Id.* ¶ 10.)  Additionally, Napa Police Department "engaged in unlawfull

8    [sic] actions such as fals [sic] arrest, excessive force and helping steel [sic] [her] child knowing

9    [Child Protective Services] did not have a warrant."  (*Id.* ¶ 11.)  And, on November 2, 2023,

10   "Napa Police Department officers refused to investigate Plaintiff['s] claim concerning her son for

11   the month he was in foster [care] about neglect."  (*Id.* ¶ 13.)

12           "Plaintiff was assigned a court appointed attorney" who "failed to provide competent legal

13   representation."  (*Id.* ¶ 12.)  Specifically, the attorney failed "to present exculpatory evidence,"

14   "refus[ed] to file necessary motions," and "ignore[ed] Plaintiff's request for a better defense."

15   (*Id.*)  The court "repeatedly denied Plaintiff's requests [f]or new counsel, violating her Sixth and

16   Fourteenth Amendment rights."  (*Id.* ¶ 15.)

17      **B.  Procedural Background**

18           Plaintiff filed the present complaint on February 24, 2025, alleging three causes of action.[2]

19   (Dkt. No. 1.)  The first cause of action against Napa County Public Defender's office and

20   individual attorneys alleges ineffective assistance of counsel in violation of Plaintiff's Sixth

21   Amendment Rights.  (*Id.* at 5.)  In the second cause of action, Plaintiff alleges Napa County and

22   CWS violated Plaintiff's Fourteenth Amendment Due Process and Equal Protection rights by

23   unlawfully removing her child and denying her a fair hearing.  (*Id.* at 6.)  Finally, in the third

24   cause of action, Plaintiff alleges Napa Police Department violated her Fourth Amendment rights

25   _____

26   [2] On February 6, 2025, before Plaintiff initiated this lawsuit, she brought a related action in this
     District.  In that action she requested that the court "remove the criminal prosecution against [her]
27   from the state court system to federal court under 28 U.S.C. § 1455[] and remove the [j]uvenile
     dependency case against [her] and [her] family."  (25-cv-01288, Dkt. No. 1 at 1.)  The court
28   dismissed and remanded the case to state court for lack of subject matter jurisdiction.  (25-cv-
     01288, Dkt. No. 10 at 1.)

United States District Court
Northern District of California

1    by using excessive force.  (Dkt. No. 1 at 6.)  While Plaintiff also alleges Defendants violated her

2    Fifth Amendment right, (*Id.* ¶ 2), there is no corresponding cause of action.  Among the relief

3    Plaintiff requests is "[a] declaration that defendants violated Plaintiff's Constitutional Rights" and

4    "[a]ttorney fees and [c]osts [p]ursuant to 42 U.S.C. § 1988."  (*Id.* at 6.)  The complaint also

5    includes 221 pages of exhibits titled "Additional filings for the 42 USC [sic] § 1983 & the 28 USC

6    [sic] 1455 to Request a stay at the lower state proceedings & Reason unable to serve defendants."

7    (Dkt. No. 1-1.)

8         On May 2, 2025, Plaintiff moved for "a Temporary Restraining Order (TRO) and

9    Preliminary Injunction to immediately stay all state criminal proceedings, restraining orders, and

10   juvenile dependency actions related to Plaintiff while this federal civil rights case is pending."

11   (Dkt. No. 15 at 1.)  The Court denied Plaintiff's motion because "[f]ederal courts sitting in equity

12   cannot, absent exceptional circumstances, enjoin pending state criminal proceedings."  (Dkt. No.

13   18 at 1 (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund,* 754 F.3d 754, 758 (9th Cir.

14   2014).)

15        Two weeks later, Plaintiff filed a motion requesting appointment of counsel.  (Dkt. No.

16   24.)  In the order denying Plaintiff's request, the Court extended Plaintiff's deadline to respond to

17   the pending motions to dismiss to July 14, 2025.  (*Id.* at 7.)  As of July 25, 2025, Plaintiff has not

18   responded to the motions to dismiss.

19                                      **DISCUSSION**

20   **A.  Napa County Superior Court**

21        Napa County Superior Court moves to dismiss for lack of subject matter jurisdiction

22   pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing "[t]his Court lacks subject matter

23   jurisdiction because the Eleventh Amendment bars suits for damages or injunctive relief against a

24   state, an arm of the state, its instrumentalities, or its agencies."  (Dkt. No. 20 at 4.)  Napa County

25   Superior Court also moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim on

26   which relief can be granted.  (*Id.* at 5.)

27        The Eleventh Amendment provides "the Judicial power of the United States shall not be

28   construed to extend to any suit in law or equity, commenced or prosecuted against one of the

1    United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

2    Const. art. XI. The Amendment immunizes states from lawsuits in federal court. *See, e.g.*,

3    *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779 (1991). Eleventh Amendment "immunity

4    extends not just to suits in which the state itself is a named party but also to those against an 'arm

5    of the [s]tate.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023) (quoting *Mt.*

6    *Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

7    A California Superior Court is an arm of the state. *Munoz v. Superior Ct. of Los Angeles*

8    *Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). As the Ninth Circuit explained:

> The official name of the court is the Superior Court of the State of
> California; its geographical location within any particular county
> cannot change the fact that the court derives its power from the State
> and is ultimately regulated by the State. Judges are appointed by
> California's governor, and their salaries are established and paid by
> the State.

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

Therefore, Napa County Superior Court, as an arm of the state, has Eleventh Amendment

sovereign immunity.

While the *Ex Parte Young* doctrine creates an exception to sovereign immunity in certain

cases, that doctrine is inapplicable here. The "*Ex Parte Young* doctrine provides that the Eleventh

Amendment does not bar suits for prospective injunctive relief brought against state officers 'in

their official capacities, to enjoin an alleged ongoing violation of federal law.'" *Hason v. Med.*

*Bd. of California*, 279 F.3d 1167, 1171 (9th Cir. 2002). "[B]ecause the Superior Court cannot be

sued in an individual capacity," *Munoz,* 91 F.4th at 980, the doctrine does not create an exception

to sovereign immunity in this case.

Nor do the other exceptions to Eleventh Amendment sovereign immunity apply here.

While "Congress may abrogate [Eleventh Amendment] immunity pursuant to its lawmaking

powers conferred by the United States Constitution," *Steshenko v. Gayrard*, 44 F. Supp. 3d 941,

949 (N.D. Cal. 2014) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 81 (2000)), Plaintiff filed

suit pursuant to Section 1983, and "the Supreme Court has held that § 1983 was not intended to

abrogate a State's Eleventh Amendment immunity." *Dittman v. California*, 191 F.3d 1020, 1026

1  (9th Cir. 1999) (cleaned up).  Additionally, while the state may waive its Eleventh Amendment

2  immunity by consenting to suit, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense*

3  *Bd.*, 527 U.S. 666, 675 (1999), here Napa County Superior Court has not consented to suit but has

4  instead asserted sovereign immunity as a defense.

5      Although Napa County Superior Court moves to dismiss for lack of subject matter

6  jurisdiction under Rule 12(b)(1), "dismissal based on Eleventh Amendment immunity is not a

7  dismissal for lack of subject matter jurisdiction, but instead rests on an affirmative defense." *Hill*

8  *v. Blind Indus. & Servs.*, 179 F.3d 754, 762 (9th Cir. 1999) (cleaned up).  So, while Napa County

9  Superior Court moves to dismiss under Rule 12(b)(1), the Court grants the motion under Rule

10  12(b)(6).  *See Mattingly v. California Dep't of Parks & Recreation*, No. 23-CV-03754-VKD, 2023

11  WL 7283911, at *2 (N.D. Cal. Nov. 2, 2023) ("[T]he Court evaluates a motion to dismiss based on

12  Eleventh Amendment immunity under Rule 12(b)(6).")

13      Having concluded Napa County Superior Court has sovereign immunity and therefore the

14  claims against it must be dismissed, the Court need not address its additional arguments about the

15  complaint's failure to state a claim.

16  **B. City of Napa**

17      City of Napa, responding on behalf of the Napa Police Department[3], moves to dismiss

18  Count Three pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 22 at 10.)  City of

19  Napa also moves to strike "from Plaintiff's Complaint matters that are redundant, immaterial,

20  impertinent, or scandalous" pursuant to Federal Rule of Civil Procedure 12(f).  (*Id.* at 6.)

21  **1.  Federal Rule of Civil Procedure 8**

22      Under Federal Rule of Procedure 8(a)(2), a complaint must contain a "short and plain

23  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  While the

24  Rule 8 standard does not require "detailed factual allegations," "it demands more than an

25  unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

26

27  _____

[3] Though "Plaintiff brought this action against the Napa Police Department ("NPD"), the City
28  responds on the police department's behalf because the NPD is not a separate legal entity, but
rather, a department of the City of Napa."  (Dkt. No. 22 at 2 n.1.)

United States District Court
Northern District of California

678 (2009) (cleaned up).  On a motion to dismiss, the court "must take all of the factual allegations in the complaint as true."  *Id*.  However, this presumption does not apply "to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Id*.  Put another way, to avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's conclusory allegations against City of Napa do not satisfy Rule 8.  Count Three alleges "Napa Police used excessive force violating plaintiff's Fourth Amendment rights."  (Dkt. No. 1 at 6.)  But there are no facts about what Plaintiff was doing when the alleged use of force occurred or what the officers did that constituted excessive force.  Elsewhere, the complaint states Napa Police "engaged in unlawfull [sic] actions such as fals [sic] arrest, excessive force and helping steel [sic] my child knowing [Child Protective Services] did not have a warrant."  (Dkt. No. 1 ¶ 11.)  These allegations—that the officers engaged in unlawful actions, committed false arrest, and used excessive force—are "naked assertions devoid of further factual enhancement" and so do not satisfy the requirements of Rule 8.  *See Iqbal*, 556 U.S. at 678 (cleaned up).  Moreover, the allegations that Napa Police helped steal Plaintiff's child and "[r]efused to investigate Plaintiff[s] claim concerning her son for the month he was in foster [care] about neglect," (Dkt. No. 1 ¶¶ 11, 13) are unconnected to a cause of action.  While the 221-page exhibit Plaintiff attached to the complaint provides some additional information, it is too voluminous and not tied to her allegations, thus violating Rule 8.

### 2. *Monell* Pleading Standard

City of Napa also contends Count Three, brought pursuant to Section 1983, "fails to state any claim for *Monell* liability against the City under any theory."  (Dkt. No. 22 at 11.)  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury."  *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978).  So, to bring a *Monell* claim, the plaintiff "must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [she] suffered."

United States District Court
Northern District of California

6

*AE ex rel. Hernandez v. Cnty. of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012) (cleaned up).  In general, "a single instance of unlawful conduct is insufficient to state a claim for municipal liability under [S]ection 1983" though it may be sufficient "where fault and causation were clearly traceable to a municipality's legislative body or some other authorized decisionmaker." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) (cleaned up).

Here, even if Plaintiff's complaint contained sufficiently detailed factual allegations to allege unlawful arrest or excessive force, Plaintiff fails to plausibly allege a City of Napa policy, custom, or practice was the moving force behind such constitutional violations.  She alleges "Defendant Napa Police Department engaged unlawful actions" including false arrest, excessive force, and stealing her child "knowing [Child Protective Services] did not have a warrant."  (Dkt. No. 1 at ¶ 11.)  However, she does not allege facts supporting a plausible inference such actions constituted a City of Napa custom or practice.  Further, Plaintiff alleges Napa Police refused to investigate her claims concerning her son, (Dkt. No. 1 ¶ 13), but she does not allege facts supporting a plausible inference such failure was traceable to the department or a decisionmaker. *See Benavidez,* 993 F.3d at 1154.

Since Plaintiff's allegations as to City of Napa fail to meet the standard under Rule 8 and fails to state a claim for a *Monell* violation, City of Napa's motion to dismiss is granted.

### 3.  Motion to Strike

City of Napa also moves to strike from "Plaintiff's Complaint matters that are redundant, immaterial, impertinent, or scandalous." (Dkt. No. 22. at 6.)  Specifically, City of Napa moves to strike from Plaintiff's prayer for relief her requests for declaratory relief, punitive damages, and attorney's fees.  (*Id.* at 12-13.)  Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike pursuant to Federal Rule of Civil Procedure 12(f) are used "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

1    Rule 12(f), however, "does not authorize district courts to strike claims for damages on the

2    ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.,*

3    618 F.3d 970, 974 (9th Cir. 2010).  This is because if a court read "Rule 12(f) in a manner that

4    allowed litigants to use it as a means to dismiss some or all of a pleading. . . it would be creating

5    redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a

6    motion for summary judgment at a later stage in the proceedings) already serves such a purpose."

7    *Id.*  As a result, the City's motion to strike paragraphs "a[]", "d[]", and "e[]" must be denied.

8    City of Napa first moves to strike paragraph "a." in Plaintiff's prayer for relief, which

9    requests "[a] declaration that defendants violated Plaintiff's Constitutional Rights."  (Dkt. No. 22

10   at 12.)  City of Napa argues this "prayer for declaratory relief is unnecessarily duplicative of her

11   liability and damages claim and is sought to redress alleged past wrongs rather than to

12   prospectively resolve any dispute."  (Dkt. No. 22 at 12.)  Though in general, "[a] declaratory

13   judgment merely adjudicating past violations of federal law—as opposed to continuing or future

14   violations of federal law—is not an appropriate exercise of federal jurisdiction," Defendant's

15   motion to strike must still be denied.  *Bayer v. Neiman Marcus Grp., Inc.,* 861 F.3d 853, 868 (9th

16   Cir. 2017).  This is because even if the requested relief is inappropriate, as in *Whittlestone,* the

17   City's 12(f) motion was likely a mere "attempt to have certain portions of [the] complaint

18   dismissed or to obtain summary judgment against [Plaintiff] as to those portions of the suit—

19   actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."

20   *Whittlestone, Inc.,* 618 F.3d at 974.

21   For precisely the same reasons, the City's other motions to strike must be denied.  City of

22   Napa argues Plaintiff's for "Punitive damages to deter similar Constitutional violations" in

23   paragraph "d[]" of her prayer for relief should be stricken because "punitive and exemplary

24   damages are not recoverable against public entities like the City as a matter of law."  (Dkt. No. 22

25   at 12-13.)  City of Napa is correct that municipalities are "immune from punitive damages under

26   42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).  However,

27   again as stated in *Whittlestone,* Rule 12(f), "does not authorize district courts to strike claims for

28   damages on the ground that such claims are precluded as a matter of law." *Whittlestone,* 618 F.3d

United States District Court
Northern District of California

at 974-75; *see also Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 2720182, at *7 (N.D. Cal. June 23, 2017), aff'd, 855 F. App'x 382 (9th Cir. 2021) ("courts in the District have denied motions to strike on the ground that damages are precluded as a matter of law").

Finally, City of Napa also moves to strike Plaintiff's Prayer for Relief paragraph "e[]" requesting "attorney fees and costs pursuant to 42 U.S.C. § 1988." (Dkt. No. 22 at 13.) In Section 1983 actions "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. However, "a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Despite this, the City's motion to strike must be denied for the same reasons listed above. Even if claims are precluded as a matter of law, they must not be stricken and instead should be raised under Rule 12(b)(6) or Rule 56. *Whittlestone,* 618 F.3d at 974.

## C. County Defendants

County Defendants move to dismiss "on the grounds that Plaintiff's complaint has failed to allege facts sufficient upon which relief can be granted against the County Defendants." (Dkt. No. 29 at 2.) Specifically, County Defendants argue Plaintiff fails to allege sufficient facts to support her claims that County Defendants violated Plaintiff's (1) Sixth Amendment rights through the ineffective assistance of counsel, (2) Fourteenth Amendment due process right, and (3) Fourteenth Amendment equal protection rights.

### 1. Sixth Amendment Violation

Count One in Plaintiff's complaint alleges County Defendants "faild [sic] to provide effective legal [r]epresentation violating Plaintiff's Sixth Amendment Rights" under 42 U.S.C. § 1983. (Dkt. No. 1 ¶¶ 15-17.) County Defendants move to dismiss this count on two grounds: (1) Plaintiff fails to state any facts about how County Defendants allegedly violated her Sixth Amendment rights, and (2) Plaintiff fails to allege County Defendants were acting under the authority of state law as required to bring a Section 1983 claim. The Court agrees on both grounds.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1   Plaintiff's allegations are conclusory.  She alleges her court-appointed attorney "failed to

2   provide competent legal representation" and "Defendants failed [sic] to provide effective legal

3   representation, violating [her] Sixth Amendment [r]ights."  (Dkt. No. 1 ¶¶ 12, 17.)  She elsewhere

4   alleges her attorney failed "to present exculpatory evidence," "refus[ed] to file necessary motions"

5   and "ignore[ed] Plaintiff's request for a better defense" but fails to provide factual support.  (*Id.* ¶

6   15.)  But Plaintiff does not allege the type of proceeding, what specifically her counsel did or did

7   not do, what motions should have been filed, what exculpatory evidence was not presented, and

8   what a "better defense" would have entailed.  (Dkt. No. 1 ¶ 12.)  Without more factual allegations,

9   Plaintiff's allegations are insufficient to plausibly allege ineffective assistance of counsel.

10  In addition, for a Section 1983 claim, the defendant must have been acting "under color of

11  state law."  42 U.S.C. § 1983.  To act under the color of state law means the defendant "exercised

12  power possessed by virtue of state law and made possible only because the wrongdoer is clothed

13  with the authority of state law."  *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015).  A

14  court appointed public defender does not act under the color of state law when performing

15  advocacy functions.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 314-27 (1981).  This is because "[o]nce

16  a lawyer has undertaken the representation of an accused, the duties and obligations are the same

17  whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."

18  *Polk Cnty*, 454 U.S. at 318.  These duties and obligations may require the representative to

19  perform functions inherently adversarial to the government, including "object[ing] to evidence at

20  trial, cross-examin[ing] State's witnesses, and mak[ing] closing arguments."  *Id.* at 321

21  Plaintiff alleges that she "was assigned a court appointed attorney in case number

22  JD23000023" who "failed to provide competent legal representation", thus violating her Sixth

23  Amendment Rights.  (Dkt. No. 1 ¶ 12.)  Even if a court-appointed attorney is not a public

24  defender, a court-appointed attorney in a juvenile proceeding assumes a role adversarial to the

25  state similar to public defenders.  And like a public defender, a court-appointed attorney in a

26  juvenile proceeding acts independent of the state.  It follows that Plaintiff's court-appointed

27  attorney performing advocacy functions was not acting under the color of state law.  As a result,

28  Plaintiff cannot bring a Section 1983 claim against her court appointed attorney or the public

10

defender's office.  *See, e.g, Kirtley v. Rainey,* 326 F.3d 1088, 1091-96 (9th Cir. 2003) (concluding a guardian ad litem also does not act under color of state law, because their actions "simply are not fairly attributable to the state").

### 2. Fourteenth Amendment Due Process Violation

In Count Two of Plaintiff's complaint, she alleges County Defendants violated her Fourteenth Amendment due process rights.  (Dkt. No. 1 at 6.)  County Defendants move to dismiss on the basis Plaintiff has not pled sufficient facts to support her claim.  (Dkt. No. 29 at 6.) The Court agrees.

"[A] [S]ection 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Though Plaintiff fails to specifically allege a liberty interest protected by the constitution, it is established that "[p]arents and children have a well-elaborated constitutional right to live together without governmental interference.  That right is an essential liberty interest protected by the Fourteenth Amendment[]."  *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1116 (9th Cir. 2017) (cleaned up).  Thus, while Plaintiff's allegations may support an inference Plaintiff has a liberty interest in being with her child, Plaintiff fails to allege facts about how the government deprived her of that liberty interest.  Similarly, she alleges "Napa County Child Welfare Services (C.W.S.) unlawfully removed plaintiff's child and denied her a fair hearing without due process," she does not allege when the hearing was supposed to occur, what occurred at the hearing, and what process Plaintiff was due that she did not receive.  (Dkt. No. 1 ¶ 10.)  So, she fails to plausibly allege a procedural due process claim.

### 3. Fourteenth Amendment Equal Protection Clause Violation

In Count Two, Plaintiff appears to allege Defendants violated the Equal Protection Clause of the Fourteenth Amendment.  County Defendants argue Plaintiff's Equal Protection Clause claim fails because she has not pled sufficient facts to support her claim.  The Court agrees.

To successfully state a violation of the Equal Protection Clause under 42 U.S.C. § 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against

11

the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff does not allege that she is in a protected class, nor does she allege County Defendants discriminated against her because of her membership in a protected class. As to County Defendants, Plaintiff merely alleges "Defendant Napa County is [r]esponsible for the policies and practices of it's [sic] public [d]efenders office, Superior Court, and Child Welfare Services" and "Napa County Child Welfare Services (C.W.S.) unlawfully removed plaintiff's child and denied her a fair hearing without due process." (Dkt. No. 1 ¶¶ 7, 10.) Because she fails to satisfy the pleading requirements, she fails to state a violation of the Equal Protection Clause under 42 U.S.C. § 1983.

### 4. *Monell* Pleading Standard

County Defendants also move to dismiss Plaintiff's claims on the grounds that she fails to plead a *Monell* violation. As stated earlier, to succeed on a Section 1983 claim, a plaintiff "must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [she] suffered." *AE ex rel. Hernandez*, 666 F.3d 631 at 636. Plaintiff does not do so in her complaint. Plaintiff pleads no facts as to any prior instances in which County Defendants allegedly failed to provide others with effective legal representation, unlawfully removed children, or denied others a fair hearing without due process. Nor does she allege facts that support a plausible inference County Defendants have a policy of doing so. As a result, Plaintiffs' claims are insufficient against County Defendants for the additional reason that she has not satisfied the *Monell* pleading standard.

In sum, Plaintiff does not allege sufficient facts to support a plausible inference County Defendants violated her Sixth and Fourteenth Amendment rights. And even had she alleged a constitutional violation, Plaintiff does not allege sufficient facts supporting a plausible inference County Defendants' policy, custom, or practice was the moving force behind such violation. So, the Court grants County Defendants' motion to dismiss.

### D.  Leave to Amend

Under Federal Rule of Civil Procedure 15, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1)(2). Moreover, when a plaintiff files a

United States District Court
Northern District of California

complaint without representation by a lawyer, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up) ("[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") However, "the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'"  *Carvalho v. Equifax Info*. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As to Napa County Superior Court, this Court dismisses without leave to amend.  Because Napa County Superior Court is immune from suits under the Eleventh Amendment, her complaint cannot be cured regardless of what additional facts are added.  *See Rosati*, 791 F.3d at 1039. Thus, leave to amend would be improper.

As to City of Napa and County Defendants, the Court dismisses the complaint with leave to amend because it is not absolutely clear the deficiencies of the complaint cannot be cured.  If Plaintiff adds facts to support the conclusory statements currently alleged, Plaintiff may be able to state a claim.

## CONCLUSION

For the reasons stated above, the Court grants (1) Napa County Superior Court's motion without leave to amend because the superior court, as an arm of the state, is immune from prosecution; (2) City of Napa's motion to dismiss with leave to amend because the allegations of excessive force are conclusory and insufficient for *Monell* purposes; and (3) County Defendants' motion to dismiss with leave to amend because Plaintiff does not plausibly allege ineffective assistance of counsel or due process violations.  Finally, the Court denies City of Napa's motion to strike without prejudice.

Plaintiff's amended complaint, if any, must be filed by **August 29, 2025**.  If Plaintiff does not file an amended complaint by that date, judgment will be entered in Defendants' favor.

United States District Court
Northern District of California

1    This Order disposes of Docket Nos. 20, 22, and 29.

2

3    **IT IS SO ORDERED.**

4    Dated:

5

6    _____

7    JACQUELINE SCOTT CORLEY
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14