UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JEANE DAWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NAPA COUNTY, et al.,<br><br>    Defendants. | Case No. 25-cv-01923-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO RESET DEADLINES AND REQUEST FOR EQUITABLE TOLLING**<br><br>Re: Dkt. No. 46 |

Pending before the Court is a motion for administrative relief. On July 26, 2025, "[p]ro se Plaintiffs AMANDA JEANE DAWSON and ERIK RANDALL MILNER respectfully move[d] this Court to reopen and reset all missed deadlines and toll all pending ones . . . on the grounds of excusable neglect, medical disability, denial of access to records, and unconstitutional retaliation that obstructs participation in judicial proceedings." (Dkt. No. 46 at 1.)  Napa County, Napa County Child Welfare Services, and Napa County Public Defender's Office ("County Defendants") oppose the motion. (Dkt. No. 47.)  City of Napa also opposes the motion, although its opposition was not timely filed. (Dkt. No. 48); Civ. L. R. 7-11(b) (stating opposition "must be filed no later than 4 days after the [administrative] motion has been filed).

The Court begins with the requests as to Mr. Milner's cases, 25-cv-3350 and 25-cv-3428. Those two cases were related to this action pursuant to Civil Local Rule 3-12, which permits the relation of cases when "[t]he actions concern substantially the same parties, property, transaction, or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Although related, the cases remain separate actions. And it remains true that Ms. Dawson cannot act as Mr. Milner's attorney.  As Judge Kim stated, "having power of attorney does not give Dawson the

right to represent [Mr. Milner] in this Court. Only licensed attorneys may represent others in this Court." (Case No. 25-cv-3428, Dkt. No. 9.) So, the Court disregards any requests in the present motion to reopen, toll, or extend deadlines in Mr. Milner's case. Mr. Milner—or a licensed attorney representing Mr. Milner—must request such relief in Case Nos. 25-cv-3350 and/or 25-cv-3428.

The Court turns to Ms. Dawson's request as it relates to this case, 25-cv-01923. Ms. Dawson requests the following relief:

1. Reset and reopen all missed deadlines . . .;
2. Toll all active deadlines until:
   -Juvenile dependency records . . . are produced;
   -All criminal court records from august 31, 2023, to present are disclosed . . . ;
3. Issue an Order to Show Cause to compel Napa County and the Superior Court to explain the delay in producing records;
4. Grant a protective order allowing confidential legal communication between Amanda Dawson and Erik Milner;
5. Set a joint case management hearing to establish equitable deadlines;
6. Enjoin further retaliation by CPS and law enforcement pending resolution of these civil rights claims;
7. Allow leave to amend any complaints or motions once withheld evidence is provided.

(Dkt. No. 46 at 6.)

The Court DENIES Ms. Dawson's request to "[r]eset and reopen all missed deadlines." Although Ms. Dawson missed the original deadline to oppose the motions to dismiss and the extended deadline the Court subsequently provided, (Dkt. No. 37), Ms. Dawson has not been prejudiced. In its July 25, 2025 order granting the motions to dismiss, the Court granted Ms. Dawson until August 29, 2025 to amend her claims against County Defendants and City of Napa. (Dkt. No. 45 at 13.) As of the date of this order, Ms. Dawson still has four weeks to file an amended complaint, so further extending this deadline is unnecessary. If Ms. Dawson files an amended complaint and County Defendants and/or City of Napa move to dismiss, Ms. Dawson may meet and confer with those defendants about an extended briefing schedule on such motions. The Court thus DENIES Ms. Dawson's request for "a case management hearing to establish equitable deadlines" because the parties may meet and confer about a briefing schedule that takes

into account Ms. Dawson's circumstances.

The Court also DENIES Ms. Dawson's request to toll deadlines until certain transcripts and other records are produced. Ms. Dawson essentially seeks discovery. However, "discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003). At this point, there are no factual issues: the Court accepted as true the allegations in Ms. Dawson's complaint and determined those allegations failed to state a claim. Put another way, because the Court granted the defendants' motion to dismiss Ms. Dawson's complaint, the "doors of discovery" have not been unlocked. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). So, it would be procedurally improper to order discovery at this time. Accordingly, the Court DENIES Ms. Dawson's corresponding requests to "[i]ssue an Order to Show Cause to compel Napa County and the Superior Court to explain the delay in producing records" and to "[a]llow leave to amend any complaints or motions once withheld evidence is provided." Although, as discussed above, Ms. Dawson has until August 29, 2025 to amend her complaint.

The Court DENIES Ms. Dawson's request to "[g]rant a protective order allowing confidential legal communication between Amanda Dawson and Erik Milner" because, as discussed above, Ms. Dawson is not a licensed attorney and therefore cannot represent Mr. Milner.

Finally, the Court DENIES Ms. Dawson's request to "[e]njoin further retaliation by CPS and law enforcement pending resolution of these civil rights claims." The Court understands this request as related to Ms. Dawson's assertion that "[g]overnment actors have delayed, obstructed, and reversed reunification without legal authority." (Dkt. No. 46 at 5.) Ms. Dawson may attempt to allege as much in her amended complaint, but the Court cannot grant the requested relief through the present administrative motion. Moreover, as the Court explained in a prior order:

> "[F]ederal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37, 43-54 (1971)). This principle has been extended "to civil enforcement actions akin to criminal proceedings, and to suits challenging the core of the administration of a State's judicial system." *Id.* (cleaned up); *see Moore v. Sims*, 442 U.S. 415, 423 (1979) (concluding *Younger* abstention appropriate in proceeding to gain custody of children

3

allegedly abused by their parents).

(Dkt. No. 18.) To the extent Ms. Dawson asks the Court to enjoin ongoing child custody proceedings, the Court cannot do so.

In sum, Ms. Dawson's administrative motion is DENIED. August 29, 2025 remains the deadline for Ms. Dawson to file an amended complaint in this action. If she files an amended complaint, Ms. Dawson may meet and confer with County Defendants and City of Napa about extending the briefing schedule if the defendants move to dismiss the amended complaint. As noted in the Court's prior order, "[i]f Plaintiff does not file an amended complaint by [August 29, 2025], judgment will be entered in Defendants' favor." (Dkt. No. 45 at 13.)

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated: August 1, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge