UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JEANE DAWSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NAPA COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01923-JSC<br><br>**ORDER RE: MOTION TO CONSOLIDATE CASES AND MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. Nos. 52, 58 |

Now pending before the Court is Plaintiff Amanda Jeane Dawson's motion to consolidate the following four cases: (1) 25-cv-1923, Dawson v. Napa County; (2) 25-cv-3350, Milner v. Dodd; (3) 25-cv-3428, Milner v. N.E.W.S.; and (4) 25-cv-6193, Milner v. Napa County. (Dkt. No. 58.)[1] Ms. Dawson filed the first of the four cases, whereas Erik Randall Milner filed the latter three. Ms. Dawson states she is Mr. Milner's fiancé. (Case No. 25-3428, Dkt. No. 8-1 at 3.) Pursuant to Northern District Civil Local Rule 7-1(b), the Court vacated the hearing on the motion to consolidate. (Dkt. No. 60.) Also pending before the Court is Ms. Dawson's motion requesting permission to file on Mr. Milner's behalf. (Dkt. No. 52.) Having carefully considered the submissions, the Court DENIES Ms. Dawson's motion to consolidate at Docket No. 58 and DENIES Ms. Dawson's motion to file documents on Mr. Milner's behalf at Docket No. 52.

**BACKGROUND**

In February 2024, Ms. Dawson filed the present action (25-1923). Ms. Dawson alleges (1) Napa County, Napa County Child Welfare Services, and Napa County Superior Court unlawfully

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents. Unless specifically noted, record citations are to documents in Case No. 25-cv-1923.

1  removed her child and denied her a fair hearing; (2) Napa Police Department used excessive force;
2  and (3) Napa County Public Defender's office failed to provide effective legal representation.
3  (Dkt. No. 1.)  The Court granted the defendants' motion to dismiss with leave to amend, except as
4  to the claims against Napa County Superior Court, which were dismissed without leave to amend.
5  (Dkt. No. 45.)

6  Separately, in April 2025, Mr. Milner sued Napa County officers, Napa Probation
7  Department, Napa Child Welfare Services, "the nonprofit NEWS," and other defendants.  (Case
8  No. 25-3350, Dkt. No. 1.)  The complaint alleges officers entered Mr. Milner's residence without
9  a warrant on August 31, 2023, seized his truck without a warrant, left him locked in a police car
10 for over two hours in extreme heat, and denied his requests for medical and legal assistance.  (*Id.*
11 at 5-6.)  According to the complaint, that same day, "Amanda Dawson was hospitalized and
12 sedated" and "CPS took our child with no emergency or new evidence."  (*Id.* at 6.)  The complaint
13 also alleges in December 2024, Napa County Probation revoked Mr. Milner's probation without a
14 warning, hearing, or new violation, and Mr. Milner was unlawfully court-ordered to pay N.E.W.S.
15 as part of his release conditions.  (*Id.*)  The defendants' motions to dismiss in Case No. 25-3350
16 are pending.

17 In April 2025, Mr. Milner also filed a Racketeer Influenced and Corrupt Organizations Act
18 ("RICO") action under 18 USC § 1964.  (Case No. 25-3428, Dkt. No. 1.)  The defendants include
19 Napa Emergency Women's Services ("N.E.W.S."), Napa County Child Welfare Services, Napa
20 County Probation Department, and Martha Ramirez.  (*Id.*)  The complaint alleges defendants
21 "engaged in coercion by explicitly threatening Plaintiff and family members with loss of child
22 custody and reunification services unless they signed mandatory Release of Information (RIO)
23 forms."  (*Id.* at 3.)  The complaint further alleges defendants "submitted false statements and
24 misleading information to Napa County Superior Court, directly influencing judicial decisions,
25 case plans, and reunification processes."  (*Id.*)  The defendants' motions to dismiss in Case No.
26 25-3428 are pending.

27 Finally, in July 2025, Mr. Milner filed a petition for writ of habeas corpus.  (Case No. 25-
28 1923, Dkt. No. 1.)  The Court denied without prejudice Mr. Milner's petition because he failed to

2

1  exhaust his state court remedies. (Case No. 25-6193, Dkt. No. 9.) The Court subsequently
2  entered judgment. (Case No. Dkt. No. 10.)
3       All four cases were related before this Court pursuant to Northern District Civil Local Rule
4  3-12. Under this Rule, cases are related when they "concern substantially the same parties,
5  property, transaction, or event" and "[i]t appears likely that there will be an unduly burdensome
6  duplication of labor and expense or conflicting results if the cases are conducted before different
7  Judges." N.D. Civ. L.R. 3-12(a).
8       The Court denied the request Ms. Dawson filed in the present case to reopen, toll, or
9  extend deadlines in Mr. Milner's cases, explaining "Mr. Milner—or a licensed attorney
10 representing Mr. Milner—must request such relief." (Dkt. No. 49 at 1-2.) In the present case, the
11 Court also denied Ms. Dawson's "motion for emergency relief involving a separate action, 25-cv-
12 6193," explaining "Ms. Dawson may not file motions on Mr. Milner's behalf." (Dkt. No. 51.)

### LEGAL STANDARD

14      Ms. Dawson moves to consolidate the four cases pursuant to Federal Rule of Civil
15 Procedure 42(a), which provides if "actions before the court involve a common question of law or
16 fact" then "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)
17 consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R.
18 Civ. P. 42(a). Under Rule 42, "[t]he district court has broad discretion . . . to consolidate cases
19 pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of*
20 *California*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court
21 weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice
22 caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027,
23 1028 (N.D. Cal. 2003). Even if a common question exists, consolidation is not appropriate where
24 it results in "inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*,
25 135 F.3d 543, 551 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(b)). The party seeking consolidation
26 bears the burden of demonstrating that convenience and judicial economy would result from
27 consolidation. *Wright v. United States*, No. C 92-1290 BAC, 1993 WL 313040, at *1 (N.D. Cal.
28 Aug. 6, 1993).

**DISCUSSION**

As an initial matter, the Court DENIES as moot Ms. Dawson's motion as to Case No. 25-1923, in which Mr. Milner filed a habeas petition. The Court denied without prejudice Mr. Milner's petition for failure to exhaust his state court remedies and entered judgment.

The Court in its discretion DENIES Ms. Dawson's motion to consolidate the remaining three cases (Case Nos. 25-1923, 25-3350, and 25-3428). Because the cases purportedly involve or stem from the removal of Ms. Dawson's child, relation was appropriate under Northern District Civil Local Rule 3-12. However, it does not follow that consolidation is appropriate under Federal Rule of Civil Procedure 42(a). In the present case (25-1923), Ms. Dawson is a plaintiff challenging the removal of her child, excessive force against her, and the legal representation she received. In contrast, in the two cases she seeks to relate, Mr. Milner is the plaintiff. In Case No. 25-3350, Mr. Milner challenges the conditions of his arrest, the legal representation he received (from a different attorney than the one Ms. Dawson identifies in her complaint), and the revocation of his probation status. In Case No. 25-3428, a RICO action, Mr. Milner challenges the misuse and misrepresentation of federal and state funds and false statements made to the court by the defendants. While the lawsuits may originate from the removal of Ms. Dawson's child, and while there is some overlap in the defendants, the factual and legal issues are largely distinct.

Moreover, all three cases are at the motion to dismiss stage, where the court accepts as true the complaint's well-pled factual allegations and determines whether such well-pled factual allegations allege a plausible claim for relief. Because the three complaints allege different facts and different causes of action, no efficiency is gained at this stage through consolidation. In fact, at this stage, consolidation is likely to create confusion. Because Ms. Dawson and Mr. Milner named several defendants in their respective complaints, several motions to dismiss were filed or are pending in each case. Some defendants expressed difficulty ascertaining the causes of action as currently pled. (*See, e.g.*, Dkt. No. 29 at 4 (arguing the complaint "fails to put the County Defendants on fair notice of the claims alleged against them"); *id.* at 7 ("Plaintiff's Complaint is unclear if she is alleging an equal protection violation.").) To consolidate the three actions involving overlapping defendants but distinct legal claims could exacerbate the confusion.

1  The Court is not persuaded by Ms. Dawson's arguments in favor of consolidation.  Ms.
2  Dawson argues consolidation is appropriate because common questions predominate, including
3  whether the removal of Ms. Dawson's child "violated Ms. Dawson's Fourth and Fourteenth
4  Amendment rights"; whether procedural safeguards "were afforded to Ms. Dawson during and
5  after the removal"; and whether "the agencies involved failed to accommodate her disabilities."
6  (Dkt. No. 58 at 10.)  But these questions are specific to Ms. Dawson's case.

7  Relatedly, Ms. Dawson argues consolidation is necessary due to the risk of inconsistent
8  verdicts: "one jury might find that the child removal violated Ms. Dawson's rights, while another
9  jury (or judge) in a parallel case finds it did not, even based on the same facts." (Dkt. No. 58 at
10  16.)  But the present action, where Ms. Dawson alleges the removal violated her due process
11  rights, is the only case where a jury could be presented with this question.  Whether the removal
12  violated Ms. Dawson's rights is not presented in the cases where Mr. Milner is the plaintiff—nor
13  in all likelihood could it be presented due to standing issues.

14  Ms. Dawson also argues consolidation is appropriate to prevent inconsistent rulings: if, for
15  example, the present case's "dismissal (with leave to amend) becomes final, Defendants may
16  argue claim preclusion in the other cases." (Dkt. No. 58 at 14.)  In fact, in this scenario Ms.
17  Dawson offers, the defendants would be unlikely to establish claim preclusion.  "Claim
18  preclusion, or res judicata, applies where: (1) the same parties, or their privies, were involved in
19  the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later
20  suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Cent. Delta*
21  *Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).  The three cases do not involve
22  the same claim or cause of action.  The most important factor to make this determination is
23  "whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 952.  The
24  nucleus of facts in the present case pertain to the removal of Ms. Dawson's child, the alleged use
25  of force against her, and her lawyer's conduct at the removal hearing.  In Mr. Milner's two cases,
26  the nucleuses of fact involve his arrest, his lawyer's conduct, the payments he made to a nonprofit
27  agency, and the revocation of his probation status.  Furthermore, the three cases do not involve the
28  same parties: in the present case, Ms. Dawson is the plaintiff, whereas Mr. Milner is the plaintiff

5

in the other two cases. Although a familial relationship can confer privity status, Ms. Dawson's interests in this case are not so closely aligned with Mr. Milner's to bind Mr. Milner in his cases, and vice versa. *See Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996).

Finally, Ms. Dawson argues consolidation is necessary to conserve resources, including her own. She describes the challenge of "re-pleading in one case while simultaneously litigating parallel motions in the others – a duplicative and potentially chaotic process." (Dkt. No. 58 at 7; *id.* at 20 ("If the cases were separate, it would be exceedingly difficult for Ms. Dawson to secure multiple in-person hearings across different judges and dates.").) But as the Court previously explained, "having power of attorney does not give Dawson the right to represent [Mr. Milner] in this Court. Only licensed attorneys may represent others in this Court." (Dkt. No. 49 at 1-2 (citing Case No. 25-cv-3428, Dkt. No. 9).) As Ms. Dawson cannot litigate any motions in Mr. Milner's case, the burden on Ms. Dawson does not favor consolidation. Moreover, because Ms. Dawson cannot represent Mr. Milner, the Court DENIES Ms. Dawson's request to file motions on his behalf at Docket No. 52.

## CONCLUSION

Through relation under Northern District Civil Local Rule 3-12, the parties and the Court benefit from the same judge presiding over the three cases. At this stage, consolidation will not create additional efficiency and in fact is more likely to create confusion. The Court thus DENIES Ms. Dawson's motion to consolidate at Docket No. 58. The Court also DENIES Ms. Dawson's request seeking permission to file documents on Mr. Milner's behalf at Docket No. 52.

This Order disposes of Docket Nos. 52, 58.

**IT IS SO ORDERED.**

Dated: September 16, 2025

JACQUELINE SCOTT CORLEY
United States District Judge