UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMANDA JEANE DAWSON,

Plaintiff,

v.

NAPA COUNTY, et al.,

Defendants.

Case No.  25-cv-01923-JSC

**ORDER RE: PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Re: Dkt. No. 85

On December 3, 2025, the Court entered judgment against Plaintiff.  (Dkt. No. 78.)  On March 30, 2026, Plaintiff filed a notice of appeal, (Dkt. No. 84), as well as a motion for extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), (Dkt. No. 85).

Federal Rule of Appellate Procedure 4(a)(1)(A) provides a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  *See* Fed. R. App. P. 4(a)(1)(A).  Rule 4(a)(1)(A)'s "thirty-day time limit is mandatory and jurisdictional."  *Hanson v. Shubert*, 968 F.3d 1014, 1017 (9th Cir. 2020) (quotation marks and citation omitted).  However, Federal Rule of Appellate Procedure 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).  "Like the deadline for a notice of appeal, the requirement that motions for extension of time be made within thirty days after the original filing deadline is 'mandatory and jurisdictional.'"  *Pettitt v. Chiang*, 357 F. App'x 50, 52 (9th Cir. 2009) (quoting *Alaska*

United States District Court
Northern District of California

*Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir. 1986) (per curiam)).

Because the Court entered judgment on December 3, 2025, the deadline for Plaintiff to file a notice of appeal was January 2, 2026. *See* Fed. R. App. P. 4(a)(1)(A). The deadline for Plaintiff to request an extension of time was therefore February 1, 2026. *See* Fed. R. App. P. 4(a)(5)(A). Because Plaintiff did not request an extension of time until March 30, 2026, the Court does not have jurisdiction to consider Plaintiff's motion. *See Petitt*, 357 F. App'x at 52 ("The district court correctly determined that it did not have jurisdiction to consider a motion for an extension of time that was filed after the deadline prescribed by Federal Rule of Appellate Procedure 4(a)(5)(A)."). Because the Court does not have jurisdiction to consider Plaintiff's motion, the Court cannot consider whether Plaintiff has shown "excusable neglect or good cause" to justify extending her time. *See* Fed. R. App. P. 4(a)(5)(A)(ii).

The Court therefore DENIES Plaintiff's motion for an extension of time to file a notice of appeal.

This Order disposes of Docket No. 85.

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge